UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE DE LEON LOPEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, et al.,<br>Respondents. | Case No. 26-cv-04950-RFL<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Vicente de Leon Lopez filed a petition for writ of habeas corpus seeking immediate release or a bond hearing. (Dkt. No. 1 ("Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner, a citizen of Guatemala, entered the United States without inspection in November 2018 and has resided in the country ever since. (*Id.* ¶ 7.) He was detained at the border, placed into removal proceedings, and then released on conditional parole. (*Id.* ¶¶ 17–18; Dkt. No. 4 at 2.) That parole necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Chang v. Mullin*, No. 26-CV-2218-JLS, 2026 WL 1045679, at *2 (S.D. Cal. Apr. 17, 2026). He complied with every condition of his release. (Petition ¶ 18.) In fact, after two years of full compliance, Immigration and Customs Enforcement removed Petitioner's ankle monitor and terminated his supervision. (*Id.* ¶ 19.) He held a work permit and has a pending asylum application. (*Id.* ¶ 21.) On August 5, 2026, Petitioner and other Latino construction workers were on their way to work in Virginia when their van stopped. (*Id.* ¶¶ 20, 22.) An agent opened the door and other officers arrested everyone. (*Id.* ¶¶ 23–24.) One officer pulled Petitioner from the van and shoved him into

another vehicle. (*Id.* ¶ 25.) Officers initially told Petitioner that he would be released with a court date. (*Id.* ¶ 26.) Instead, he remains in custody. (*Id.* ¶¶ 26, 30.) Petitioner now seeks immediate release or a bond hearing on the basis that his detention violates, among other things, the Due Process Clause of the Fifth Amendment.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, 831 F. Supp. 3d 993, 1002 (S.D. Cal. 2026). Petitioner has a significant private interest in remaining out of custody after his initial release. Respondents identify no evidence that they contend constitutes a material change in circumstances justifying Petitioner's re-detention, and Petitioner was undisputedly provided with no process before re-detention. The *Mathews* factors therefore weigh in favor of finding that his re-detention violated his Fifth Amendment right to procedural due process. *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2–3 (S.D. Cal. May 1, 2026). Respondents do not contest this. Instead, they "defer to the Court as to the appropriate relief." (Dkt. No. 4 at 3.)

Accordingly, the Petition is **GRANTED**. "When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's [] order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** as follows:

- Respondents shall provide Petitioner with the following options: (1) immediate release in this District, no later than **24 hours** after the filing of this Order; or (2) release in or near Centreville, Virginia (the location of the detention at issue) by **September 11, 2026**. Respondents shall also return all property that had been seized from him. The release shall be on the same conditions that applied prior to his re-detention. (*See* Petition ¶ 19.)

- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that he poses a flight risk or danger to public safety such that he must be detained; or (2) in the absence of a material change in circumstances justifying his detention.

Petitioner also requests an award of attorneys' fees. The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall issue judgment in favor of Petitioner and close the case.

**IT IS SO ORDERED.**

Dated: September 8, 2026

RITA F. LIN
United States District Judge